IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00692-MSK-KLM

EARL CROWNHART,

        Petitioner,

v.

JOAN SMITH, Warden,

        Respondent.

_____

**ORDER DIRECTING RESPONSE TO PETITION FOR WRIT OF *HABEAS CORPUS*
AND DENYING PENDING MOTIONS**
_____

        **THIS MATTER** comes before the Court pursuant to the Petitioner's Amended Petition (**# 23**) for a Writ of *Habeas Corpus*. As discussed below, several additional motions by the Petitioner are also pending.

        Magistrate Judge Boland having already granted (**# 19)** the Petitioner leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(d), the United States Marshal shall effectuate service of the Amended Petition and a copy of this Order upon the Respondent. In addition, the Marshal shall serve a copy of the Amended Petition and this Order and upon the Attorney General for the State of Colorado pursuant to 28 U.S.C. § 2252.

        Pursuant to 28 U.S.C. § 1915A, the Court has *sua sponte* reviewed the Amended Petition. Even under the liberal pleading standards of *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court finds that the Amended Petition is difficult to understand. As best the Court can determine, the Petitioner, an inmate with the

1

Colorado Department of Corrections, is challenging a February 27, 2008 decision by the Colorado Parole Board denying his request for parole.[1] The grounds upon which the Petitioner challenges the Parole Board's decision are less clear. As best the Court can determine from review of the initial Petition, the Amended Petition, and various other documents in this case, the Petitioner is alleging that the Parole Board failed to adequately consider the Petitioner's involvement in (or, perhaps, lack of access to) the Department of Corrections' work or educational programs. According to the Petitioner, this violates C.R.S § 17-22.5-404(2)(a), which requires the Parole Board to consider, among several other factors, attempts by an inmate to participate in prison educational, work, and literacy programs. The Court's ability to ascertain the nature of the claims in this case is frustrated by the Petitioner's failure to write in complete sentences, his tendency to include legal citations in the midst of sentences, and the general stream-of-consciousness nature in which the Petitioner's claims are stated.

To the extent the Petitioner intends to allege that the denial of parole release violated his federal Constitutional rights – presumably, the Petitioner's right to Due Process as guaranteed by the 14th Amendment to the United States Constitution – by virtue of the Parole Board's failure to consider his participation in prison programs, the Amended Petition is sufficiently clear as to permit the Respondent to frame a response. Accordingly, the Respondent shall file a response to the Amended Petition within 45 days of the date of this Order.

---

[1]The Amended Petition differs dramatically from the Petitioner's initial Petition (# 2), which also appeared to raise, among others, claims that the Colorado Department of Corrections unlawfully placed the Petitioner on lock-down, rather than permitting him to engage in work or educational programs; that the judgment of conviction against him was improper in some unclear respect; and that the Petitioner was denied effective assistance of counsel in the underlying criminal proceedings before Judge Gurley.

If the Petitioner intends to assert a claim instead of or in addition to an assertion that the Parole Board failed to consider his participation in prison programs, he may file a Second Amended Petition within 20 days of the date of this Order. If the Petitioner intends to file a Second Amended Petition, the Court strongly urges him to consider the following advice:

• Use lined writing paper to identify and set forth the details of his claims.

• Set forth the claims in simple, everyday language – that is, describe the claims in the same way that you would describe them to a friend or family member. Simply explain what happened, and why you believe that it violated your rights, and what you think should be done to remedy it.[2]

• Avoid references to legal terms or concepts. The Court does not expect *pro se* litigants to be familiar with legal terminology. In fact, when it is used incorrectly or in an inappropriate situation, legal terminology makes a document <u>more</u> difficult for the Respondent and the Court to understand.

• If you want to cite cases or statutes, do so after you have finished describing your claims, rather than inserting citations in the middle of sentences or paragraphs.

(The foregoing advice applies equally to <u>all</u> further filings by the Petitioner in this case.) If the Petitioner files a Second Amended Petition, the Respondent shall file a response that document within 30 days of its filing.

The Petitioner's "Motion Pursuant to Civ R. P. 71" **(# 7)**, "Motion To File Response Fed. R. Civ. P. 56.1" **(# 22)**, and "Motion Pursuant to Fed. R. Civ. P. 33" **(# 36)** are denied as

---

[2]For example, all that is necessary to state the claim the Petitioner appears to be asserting is: "I had a parole hearing on February 27, 2008. At the hearing, I offered evidence that I had participated in the ____ prison program. The Parole Board refused to receive the evidence I offered, and did not consider the fact that I had participated in the ____ program. I was denied parole. I believe that the Board's refusal to consider my evidence violates Colorado law, and thus, my right to Due Process under the U.S. Constitution. See C.R.S. § 17-22.5-404."

3

unintelligible and, at present, unnecessary.³ The Petitioner's Motion to Proceed *In Forma Pauperis* **(# 29)** is denied as moot in light of the Magistrate Judge having already granted such leave. The Petitioner's "Motion to File Second Amended Custodiant as Party" **(# 21)** and "Motion for Leave to File a Second Amended Habeas Corpus Claim" **(# 38)** are denied without prejudice. If the Petitioner desires to file a Second Amended Petition, he may do so according to the terms of this Order.

Dated this 16th day of July, 2008

**BY THE COURT:**

*(signature)*

Marcia S. Krieger
United States District Judge

---

³To the extent these and other motions have been specifically referred to the Magistrate Judge for consideration, those references are withdrawn. Moreover, the general order of reference to the Magistrate Judge **(# 34)** was issued in error and is withdrawn. Pursuant to 28 U.S.C. § 636(b)(1)(b), this matter is referred to Magistrate Judge Mix to issue a Recommendation as to the disposition of the matter on its merits, and pursuant to 28 U.S.C. §636(b)(1)(a), with regard to any motions that the Court specifically refers to Judge Mix for determination.