IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00692-MSK-KLM

EARL CROWNHART,

    Applicant,

v.

JOAN SMITH, Warden,

    Respondent.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on several motions filed by Applicant [Docket Nos. 58, 59, 60, 61, 62, 63, 64, 65, 66] and [Docket Nos. 73, 74, 75, 76, 77].

It appears that in the first series of motions [Docket Nos. 58-66], Applicant may be seeking to substitute either Larry Reid or Mike Reid for the current Respondent, Joan Smith. However, pursuant to Fed. R. Civ. P. 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party . . . . The court may order substitution at any time, but the absence of such an order does not affect the substitution." Accordingly, <u>Applicant is directed that any further motions to substitute are unnecessary as the substitution of the appropriate respondent will occur automatically</u>. Further, to the extent that the Motions attempt to substitute anyone other than the current warden of San Carlos Correctional Facility, Larry Reid, IT IS HEREBY **ORDERED** that the Motions [Docket Nos. 58, 59, 60, 61, 62, 63, 64, 65, 66] are **DENIED**.

It is FURTHER **ORDERED** that Larry Reid, the current warden of San Carlos Correctional Facility, is substituted as the Respondent on Applicant's Petition for Habeas Corpus.

In his second series of motions [Docket Nos. 73-77], Applicant appears to attempt to file both a Third Amended Petition and a Fourth Amended Petition. However, the Court notes that Applicant was granted leave to file a Second Amended Petition by District Judge Marcia S. Krieger's Order, dated July 16, 2008 [Docket No. 43]. Applicant filed his Second Amended Petition [Docket No. 70], which was accepted for filing by the Court on July 30, 2008 [Docket No. 69]. Applicant has not been granted leave to file any subsequent petitions. Further, the Court finds that Applicant's Motions are unintelligible, repetitive, do not clearly explain the claims Applicant seeks to add, and do not comply with Local Rule 7.1(H). Although the Court gives Applicant the benefit of liberal pleading interpretation given his *pro se* status, the Court cannot act as Applicant's advocate or provide relief where Applicant has neither clearly stated the relief he seeks nor the legal authority for such relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("The broad reading of the plaintiff's [pleading] does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."); *Abdelsamed v. United States*, No. Civ. A. 01-N-1774(CBS), 2002 WL 31409521, at *10 (D. Colo. Sept. 17, 2002) (unpublished decision) ("While mindful of the liberal treatment accorded *pro se* pleading, it is not the responsibility of the court or defendants to decipher prolix allegations in order to divine [Plaintiff's] claims."). Accordingly, IT IS HEREBY **ORDERED** that the Motions [Docket Nos. 73, 74, 75, 76, 77] are **DENIED**.

Finally, the Court must address Applicant's numerous, repetitive and largely

unintelligible filings.  <u>Applicant is again notified that his excessive motions and filings delay the resolution of his case.</u>   Further, as this action is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, many of the actions that Applicant attempts to take, and the Federal Rules of Civil Procedure that Applicant cites, are not applicable to this case.  The Court instructs Applicant that his case, like all petitions for writs of habeas corpus, will proceed as follows: (1) Applicant's Second Amended Petition was accepted for filing as of July 30, 2008; (2) Respondents shall file a response to the Second Amended Petition on or before September 13, 2008; and (3) Applicant may then file a traverse (i.e., reply) to the response. Applicant is directed to the Rules Governing Section 2254 Cases in the United States District Courts, which govern his habeas corpus petition although it is brought pursuant to 28 U.S.C. § 2241.  *See, e.g., Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) (noting that "[i]n applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States district court."). A copy of the rules is attached.

        BY THE COURT:

        __s/ Kristen L. Mix_____

        United States Magistrate Judge

Dated:  August 12, 2008