IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00692-MSK-KLM

EARL CROWNHART,

    Applicant,

v.

LARRY REID, Warden,

    Respondent.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on several motions filed by Applicant [Docket Nos. 97, 98, 100, 108 and 112].

    Citing to many different Federal Rules of Civil Procedure, Applicant appears to request that he be allowed to serve interrogatories and request admissions on Defendant [#97, #98 & #108], that he be allowed to subpoena witnesses to testify at trial [#98], that he be allowed to take depositions [#108], and that he be allowed discovery in general in order to obtain documentary evidence [#112].

    Applicant remains confused about the proper procedures for prosecution of this habeas corpus action. Because no "trial" occurs in a habeas action, discovery is limited. "The procedures set out in the habeas corpus statutes take precedence over the Federal Rules of Civil Procedure during the pendency of habeas corpus proceedings." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267-68 (1978)). The Federal Rules of Civil Procedure cited by Applicant are not

normally applicable, although 28 U.S.C. § 2246 authorizes interrogatories and depositions in limited circumstances. That is, pursuant to 28 U.S.C. § 2246, "[o]n application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits." A district court, when presented with a § 2241 petition that establishes a *prima facie* case for relief, "may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter." *Harris v. Nelson*, 394 U.S. 286 (290) (1969) (internal quotations omitted); *see also Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (rules of pretrial discovery are not applicable to the habeas corpus proceedings unless necessary to help the court dispose of the matter as law and justice require).

However, Applicant has not argued and the Court does not find that Applicant's § 2241 habeas petition establishes a *prima facie* case for relief, nor that discovery is necessary to help the Court dispose of the matter. Accordingly, IT IS HEREBY **ORDERED** that the Motions [Docket Nos. 97, 98,108 and 112] are **DENIED**.

Finally, Applicant appears to again attempt to amend his Second Amended Petition for Habeas Corpus to add a claim pursuant to Colorado State law and/or the Eighth Amendment [#100]. IT IS HEREBY **ORDERED** that the Motion [#100] is **DENIED**, for the reasons set forth by the Court in its Minute Order dated July 30, 2008 [Docket No. 69] and Order dated August 12, 2008 [Docket No. 94].

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 15, 2008