IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00692-PAB-KLM

EARL CROWNHART,

      Applicant,

v.

LARRY REID, Warden,

      Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Earl Crownhart ("Applicant") [Docket No. 2].[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C, the Application has been referred to this Court for recommendation. I have reviewed the Application, Respondent's Answer to the Application [Docket No. 180], the parties' responses to the Court's Order regarding the issue of mootness [Docket No. 242, 245], the entire case file, the relevant law, and am fully advised in the premises.  For the reasons stated below, I **RECOMMEND** that the Application be **DENIED WITH PREJUDICE** and the case **DISMISSED**.

**I. Background**

---

[1] Applicant has filed a number of amended applications without leave of the Court. Docket No. 2 is the operative Application.  In any event, the proposed amended application do not essentially vary from the original Application.

1

At the time Applicant filed his Application, he was in the custody of the Colorado Department of Corrections ("CDOC") at the San Carlos Correctional Facility in Pueblo, Colorado. *Application* [#2] at 1. Applicant's pleadings are largely intelligible, but it appears that he alleges that on February 27, 2008 he was denied parole by the Colorado State Board of Parole (the "Board"). *Id.* at 2. He alleges that the Board failed to take into account his release plan and that its decision violated Colorado statutory guidelines. *Id.* at 2-3. Applicant also alleges that his due process rights were violated during the grievance process, but he does not state the nature of the grievance. *Id.* at 5.

On September 29, 2009, the Board granted Applicant parole and he was released from the CDOC on October 13, 2009. *Response* [# 242] Ex. A. & B. Three days after his release, on October 16, 2009, Applicant was arrested in Mesa County, Colorado and charged with criminal mischief and felony menacing. *Id.* Ex. C. According to Respondent, the Board has not held a parole revocation hearing based on these new criminal charges. *Id.* at 2.

## II.  Analysis

The issue here is whether Applicant's release from custody on the parole revocation charge renders his Application moot. This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). The Court may consider the question of subject matter jurisdiction *sua*

*sponte* at any time. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988); *Smith v. Krieger*, 643 F.Supp. 2d 1274, 1293 n. 6 (D. Colo. 2009).

A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).  It is not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996).  A case is moot if events "make it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotations omitted).  The Court will not dismiss a case as moot if:  "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted).

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody." 28 U.S.C. § 2241(c)(1). The fact that an inmate is no longer in custody does not automatically moot his application if he was in custody at the time of  filing the application. *Riley*, 310 F.3d at 1256.  When an inmate is released from custody after a habeas application has been filed, the question is whether the application still presents the court with a case and controversy, as required under Article III, § 2 of the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once a sentence has been completed, some "collateral consequence" of the conviction must exist for the suit not to be considered moot. *Id.* at 7.  "When a defendant challenges a parole revocation but has completed the

3

sentence imposed upon revocation, the defendant bears the burden of demonstrating actual collateral consequences resulting from the revocation." *United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000).

It is undisputed that Applicant was released from custody after serving a parole revocation sentence. The Board's February, 2008 decision is the basis for his claims.  The fact that Applicant has been arrested on new criminal charges that are potential violations of his parole does not revive his original claim.  That parole may again be revoked upon a parolee's release from confinement "does not constitute a sufficient collateral consequence to defeat mootness." *Id.*  "It is not enough that ... the revocation decision would enable the parole board to deny [the parolee's] parole in the future." *Spencer*, 523 U.S. at 13.   This is true even if the parolee should be rearrested on a new offense at the time the court considers mootness, as is the situation here, because future parole determinations remain "a possibility rather than a certainty or even a probability," and thus do not establish a collateral consequence for mootness purposes.  *Id.* at 14.

Although not raised by Applicant, the Court will consider whether the "wrongs" alleged by Applicant are capable of repetition but evading review, and thus whether an exception to the mootness doctrine applies to his claims. The doctrine only applies in exceptional circumstances where two narrow conditions are present:  "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Id.* at 17 (citations omitted).  Both conditions must be satisfied to apply the exception.  *Id.*

I find that the exception does not apply here because Applicant has not

4

demonstrated that both conditions are present in his case.  As the Supreme Court noted in *Spencer*, the parolee "has not shown (and we doubt that he could) that the time between parole revocation and the expiration of sentence is *always* so short as to evade review." *Id.* at 18 (emphasis supplied); *see also Goodloe v. U.S. Parole Comm'n*, No. 09-1017, 2009 WL 3152049, at * 4 (10th Cir. Oct. 1, 2009) (making same finding).  Applicant has failed to show that his claims would always evade review.  His Application, therefore, is moot.

### III.  Conclusion

Based on the foregoing,  I **RECOMMEND**  that the Application be **DENIED** and the case **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 28, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix